**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KURNIAWAN SALIM, | No. 10-70070 |
| Petitioner, | |
| v. | Agency No. A077-302-674 |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Kurniawan Salim, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

Salim does not challenge the BIA's dispositive finding that his asylum claim was time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Similarly, he does not make any arguments challenging the agency's denial of CAT relief. *See id.*

Salim contends that he suffered past persecution and that he will be persecuted in the future due to his beating during the 1998 riots, the bombing of his wife's church, and the attack and robbery of his brother. Substantial evidence supports the BIA's finding that Salim's experiences in Indonesia did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents of mistreatment, including beating at the hands of rioters, did not compel finding of past persecution). Substantial evidence also supports the BIA's finding that, even under a disfavored group analysis, Salim failed to show sufficient individualized risk to establish it is more likely than not he would be persecuted on account of his Chinese ethnicity if returned to Indonesia. *See id.* at 977-79; *see also Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to

prevail than would an asylum applicant"). The record belies Salim's contention that the BIA improperly found him not credible with respect to individualized-risk evidence. Accordingly, Salim's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**